GERALD BERNSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bernstein v. Commissioner
Docket No. 19061-93
United States Tax Court
T.C. Memo 1994-571; 1994 Tax Ct. Memo LEXIS 576; 68 T.C.M. (CCH) 1221; November 21, 1994, Filed *576 Decision will be entered under Rule 155. For petitioner: Alan F. Segal. For respondent: James M. Cascino. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined the following deficiency in Federal income tax and additions to tax against petitioner: Additions to Tax Sec. Sec. Sec. Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6661(a)
1987
$ 7,600
$ 380 *
$ 1,900
* 50 percent of the interest due on $ 7,600.
The issues for consideration are: (1) Whether petitioner had unreported income from commissions, and (2) whether petitioner is liable for the additions to tax. Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are *577 incorporated herein by reference. Petitioner's legal residence was Wheeling, Illinois, at the time the petition was filed. Petitioner worked for A-ABCOR Builders, Inc. (ABCOR), as an outside salesman during 1985, 1986, and early 1987. [2] Petitioner was responsible for selling or soliciting remodeling jobs on behalf of ABCOR, a remodeling contractor. Petitioner's compensation arrangement was such that ABCOR received 60 percent of any profits, and petitioner would receive the remaining 40 percent on jobs contracted by petitioner. Petitioner was originally paid $ 500 a week as a draw against his commissions; however, when sales became low, petitioner's weekly draw was reduced to $ 300 per week. *578 In February 1987, petitioner left his job with ABCOR because he was not making enough money. Soon thereafter, petitioner was employed by Normandy Construction Co., Inc. (Normandy). Petitioner did not report any income from ABCOR on his 1987 Federal income tax return. He reported only his wages from Normandy. Respondent determined that petitioner had unreported nonemployee compensation of $ 18,050 for 1987, based on information received from a payer, ABCOR. The determinations of respondent in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to show that the determinations are incorrect. Rule 142(a); . Stipulated into evidence were seven checks made payable to petitioner in 1987, which were drawn on an account of ABCOR. The checks were numbered and dated, in the amounts, and with notations on each check, as follows: Check No.
Date
Amount
Notation
3833
1/5
$    300
For Draw
3840
1/12
300
For Draw
3842
1/27
2,500
For Commissions
3844
1/27
7,500
For Draw & Commissions
3849
2/2
7,000
For All Commissions in Full
Thru 2/1/87
3866
3/14
300
For O'Meara Commissions
3901
5/10
150
For Commission
TOTAL
$ 18,050
*579 Petitioner acknowledges that the checks made payable to him were issued in 1987. Petitioner concedes that the three checks in the amount of $ 300 each and the one check for $ 150 were draws for work completed prior to leaving ABCOR and constitute income for 1987. With respect to the remaining checks, petitioner contends that, in January 1987, he met with the president of ABCOR, Stephen Link, to obtain a draw or an advance of $ 2,500 on commissions petitioner estimated were due to him for jobs he had solicited in late 1986, and as to which he had not yet been paid his 40-percent commission. Petitioner needed $ 2,500 to send his son to college. It does not appear that petitioner and Mr. Link made any determination that $ 2,500 was the amount owing to petitioner. However, according to petitioner, Mr. Link agreed to the $ 2,500 advance on the condition that three checks would be prepared on ABCOR's checking account, all payable to petitioner, with one check in the amount of $ 2,500, and two other checks in the amounts of $ 7,500 and $ 7,000. The condition was that petitioner was to endorse the three checks in blank, and Mr. Link would pay petitioner the $ 2,500 in cash. The other *580 two checks of $ 7,500 and $ 7,000 were to be turned over to Mr. Link. Three checks were prepared in this manner, as shown in the above table. Petitioner received, in cash, $ 2,500 from Mr. Link. The other two checks were endorsed by petitioner; however, petitioner contends he never received cash or any consideration for these checks. The three checks were presented to the drawee bank and were stamped paid by the bank. Shortly thereafter, petitioner left his job with ABCOR and began working for Normandy. It appears that no final accounting was ever confected between petitioner and Mr. Link. At the time of trial, Mr. Link was allegedly living in Florida, and neither party called him to testify. Petitioner conceded, at trial, that the $ 2,500, which he received from Mr. Link was a payment for commissions and, therefore, constituted additional income for 1987. [3] However, with respect to the checks for $ 7,000 and $ 7,500, petitioner contends he was "duped" by Mr. Link; that it was Mr. Link, and not petitioner, who cashed the three checks at the Bank of Lincolnwood, where Mr. Link had his personal account, and that it was Mr. Link who received the proceeds for himself of the three *581 checks. ABCOR issued IRS Form 1099, which reflected the $ 14,500 represented by the checks for $ 7,500 and $ 7,000, as well as the $ 3,550 that petitioner admittedly earned and received as commissions in 1987. Petitioner contends that he did not earn commissions from ABCOR in 1987 in excess of the $ 3,550, [4] which he has conceded. In support of this, petitioner points out that he only worked for ABCOR for a brief period in 1987, and that, to earn an additional $ 14,500 in commissions, he would have had to have solicited more than $ 125,000 of work for ABCOR. This would have been extremely difficult, especially since sales were low at that time of the year. Petitioner introduced copies of his 1983-86 Federal income tax returns to show that his annual income from this type of work was generally between $ 15,000 and $ 21,000 per year. Petitioner argued that, in *582 light of the foregoing, it would be unreasonable for the Court to conclude that he earned an additional $ 14,500 during the brief period that petitioner worked for ABCOR in 1987. The Court found petitioner to be an honest and credible witness at trial. Although checks by ABCOR totaling $ 18,050 were made payable to petitioner in 1987, the Court concludes that only $ 3,550 constituted income to petitioner in 1987. The Court is satisfied from the evidence presented at trial that petitioner did not receive the proceeds of the $ 7,500 and $ 7,000 checks. On this record, the Court, therefore, holds for petitioner on this issue. With respect to the additions to tax, section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment in tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) *583 additionally imposes an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment that is attributable to negligence for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). Section 6653(a)(3) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner admittedly earned income of $ 3,550 from ABCOR that he did not report on his 1987 Federal income tax return. Petitioner was clearly negligent in failing to report this income. Accordingly, the additions to tax under section 6653(a)(1)(A) and (B) are sustained. Section 6661(a) *584 provides for an addition to tax of 25 percent of the amount of any underpayment attributable to a substantial understatement. If the amount of tax required to be shown on the return exceeds the amount of tax actually shown on the return by the greater of $ 5,000 or 10 percent of the amount required to be shown, there is an "understatement" that is "substantial". Sec. 6661(a). Respondent determined the section 6661(a) addition to tax based on a deficiency of $ 7,600. In light of this Court's holding in favor of petitioner with respect to a substantial portion of the income at issue, there may no longer be a substantial understatement in tax. However, if there still is a substantial understatement, petitioner has not presented any evidence to show that the addition to tax under section 6661 should be reduced pursuant to section 6661(b)(2)(B). Therefore, if there remains a substantial understatement in tax, petitioner is liable under section 6661(a). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. As an outside salesman, petitioner received a Form 1099, rather than a Form W-2, at yearend from ABCOR. Petitioner reported his income on Schedule C, Profit or (Loss) From Business or Profession and paid self-employment taxes for 1985 and 1986. For the year at issue, 1987, petitioner reported no income from ABCOR and did not file a Schedule C with his return. Petitioner worked for a different contractor in 1987 as an employee and reported his income from that employer as Form W-2 salary and wage income.↩
3. Petitioner said he forgot to include the amounts that he now concedes in income because he never received IRS Form 1099 that ABCOR sent to respondent.↩
4. $ 300 (check No. 3833) + $ 300 (check No. 3840) + $ 300 (check No. 3866) + $ 150 (check No. 3901) + $ 2,500 (check No. 3842) = $ 3,550.↩